IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAMS, JR.,<br><br>   **Plaintiff,**<br><br>  v.<br><br>**PRINCE GEORGE'S COUNTY<br>DEPARTMENT OF<br>ENVIRONMENTAL RESOURCES<br>VEHICLE AUDIT UNIT,** *et al.*,<br><br>   **Defendants.** | Civil Action No. AW-06-1936 |

## MEMORANDUM OPINION

Plaintiff James Williams, Jr. ("Plaintiff") brings a 42 U.S.C. § 1983 action *pro se* against Defendants Prince George's County Department of Environmental Resources Vehicle Audit Unit (the "Department") and Code Enforcement Officer Lisa McCoy ("McCoy") (collectively "Defendants"), on the basis that the Department took Plaintiff's private property for public use in violation of the Takings Clause of the U.S. Constitution. Currently before the Court is Plaintiff's Motion for Default (styled as "Notice of Default") [13] and Defendants' Motion to Dismiss [7]. The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. *See* Local Rule 105(6) (D. Md. 2004). For the following reasons, the Court will deny Plaintiff's Motion for Default and grant Defendants' Motion to Dismiss.

### FACTUAL & PROCEDURAL BACKGROUND

The facts of this case are simple. The Complaint alleges that on July 31, 2003 the Department and McCoy cited and impounded a 1979 Ford pick-up owned by Plaintiff as an abandoned unregistered vehicle. Plaintiff claims the impoundment resulted from a "mistaken

interpretation of the law." On August 1, 2003, Plaintiff requested a Show Cause hearing and the hearing was held on October 19, 2005. The hearing officer ruled in favor of Defendants. Having exhausted his administrative remedies, Plaintiff filed an action in this Court alleging violation of his Fifth Amendment rights.[1]

## DISCUSSION

Plaintiff's Motion for Default

According to the Court's Docket, Defendants were served a copy of the Summons and Plaintiff's Complaint on September 19, 2006. The deadline to answer or otherwise respond to the Complaint was October 10, 2006. On October 11, 2006, Defendants filed both the instant Motion to Dismiss and an Answer to Plaintiff's Complaint. On October 27, 2006 Plaintiff filed a response to Defendants' Motion to Dismiss and the instant Motion for Default. "While a default pursuant to Rule 55(a) may be entered against any party who fails to respond as stipulated by the Federal Rules of Civil Procedure, 'of course, the court has discretion to grant additional time to a party to plead or otherwise defend.'" *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002); *see also Huertas v. United States*, 2005 U.S. Dist. LEXIS 15361, 25-26 (D.N.J. 2005) (holding that a "response may be considered even if it is late, so long as the opposing party is not prejudiced by a minor delay in filing a response"); *Coughlin v. Tailhook Ass'n*, 818 F. Supp. 1366, 1368 (D. Nev. 1993) (deciding to consider a motion to dismiss on its merits since the plaintiff "has not been prejudiced by the one-day delay" in filing the motion). In *Dow*, this Court held that a three-day delay in filing a motion to dismiss did not prejudice the plaintiff, as evidenced by the plaintiff's "decision to respond

---

[1] The Court will liberally interpret Plaintiff's Complaint to allege violation of the Fourteenth Amendment, which makes the Fifth Amendment applicable to the states.

2

to defendants' motion to dismiss rather than reiterate his request for entry of default." *Dow*, 232 F. Supp. 2d at 495. The facts of this case compel the same result. Plaintiff has suffered no prejudice as a result of Defendants' one-day delay in responding to Plaintiff's Complaint. As such Plaintiff's motion for default must be denied. The Court will decide Defendants' Motion to Dismiss on its merits. *See U.S. v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (stating the "strong policy" of the Fourth Circuit "that cases be decided on their merits").

Defendants' Motion to Dismiss

Defendants assert three grounds for dismissal of this action: lack of jurisdiction, insufficiency of service, and failure to state a claim upon which relief can be granted.

*1. Jurisdiction*

Defendants argue that this Court lacks jurisdiction over the Department because it has been improperly named as a Defendant in this action. The Department is not *sui juris* because it is not a legal entity. Under Federal Rule of Civil Procedure 17(b), "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." FED. R. CIV. P. 17(b). Prince George's County, Maryland (the "County") is organized under the laws of the State of Maryland and the Charter of Prince George's County, Maryland. The Department is not a legal entity and the County's Charter does not grant permission to sue the Department. Plaintiff's Complaint is defective in that it improperly names the Department as a Defendant. The action against the Department must therefore be dismissed.

*2. Insufficient Service of Process*

Although Lisa McCoy is a named Defendant in this action, it is unclear whether Plaintiff attempted to serve McCoy independently. It appears that Plaintiff only delivered a copy of the

3

Summons and Complaint to the Department and not on McCoy's person. Although service on an individual can be effectuated by delivering a copy of the Summons and Complaint to the person at their place of work, McCoy is no longer employed by the County and no longer works for the Department. Therefore, delivering a copy of the Summons and the Complaint to the Department is not effective to properly serve McCoy. However, the Summons was issued in this case on September 13, 2006. The 120-day period to effectuate service on McCoy has not expired.

*3. Failure to State a Claim*

Defendants finally argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted. In order to obtain relief under § 1983, Plaintiff must prove that Defendants caused a deprivation of Plaintiff's federal rights while acting under the color of state law. *See* 42 U.S.C. § 1983; *Jorgensen v. City of Clarksburg*, 1996 U.S. App. LEXIS 15960 (4th Cir. 1996) (unpublished) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In determining a motion to dismiss for failure to state a claim, this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997). The Court's inquiry is confined to the four corners of the Complaint.

Here, Plaintiff alleges that his "private property[,] an automobile[,] was taken by Defendants . . . in violation of [his] rights under the Fifth Amendment" by "individual code enforcement officers who were acting in their capacity as officers of the State of Maryland." Compl. ¶ 2. Plaintiff further alleges that the Department's actions resulted from a "Mistaken Interpretation of the Law." *Id.* This allegation gives the Court grave reservations as to Plaintiff's likelihood of success on his § 1983 claim. However, a complaint may be dismissed as a matter of law only if it lacks a cognizable legal

theory or if it alleges insufficient facts to support a cognizable legal theory.  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).   Because Plaintiff has alleged the two elements of a § 1983 claim, the Complaint can not be dismissed as a matter of law.

## **CONCLUSION**

For the aforementioned reasons, the Court DENIES Plaintiff's Motion for Default [13], and GRANTS Defendants' Motion to Dismiss [7] with respect to the Department.  Since Plaintiff has stated a claim under § 1983, the Court will *sua sponte* grant Plaintiff leave to amend the Complaint to name the proper parties and to effectuate service on Defendant McCoy.  An Order consistent with this Opinion will follow.


November 6, 2006                                                              /s/
Date                                                                Alexander Williams, Jr.
                                                                    United States District Judge