IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES WILLIAMS, JR.,** | |
| **Plaintiff,** | |
| v. | Civil Action No.  AW-06-1936 |
| **PRINCE GEORGE'S COUNTY DEPARTMENT OF ENVIRONMENTAL RESOURCES VEHICLE AUDIT UNIT,** *et al.*, | |
| **Defendants.** | |

**MEMORANDUM OPINION**

Plaintiff James Williams, Jr. ("Plaintiff") brings a 42 U.S.C. § 1983 action *pro se* against Defendants Prince George's County Department of Environmental Resources Vehicle Audit Unit (the "Department") and Prince George's County, Maryland (the "County") (collectively "Defendants"), on the basis that the Department took Plaintiff's private property for public use in violation of the Takings Clause of the U.S. Constitution.  Currently before the Court is Defendants' Motion to Dismiss (Paper No. 20).  The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the following reasons, the Court will grant Defendants' Motion to Dismiss.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff alleges that on July 31, 2003 the Department took Plaintiff's 1979 Ford pick-up for public use without just compensation in violation of Plaintiff's Fifth Amendment rights.  Plaintiff claims the impoundment resulted from a "mistaken interpretation of the law."  On August 1, 2003, Plaintiff requested a Show Cause hearing and the hearing was held on October 19, 2005.  The

hearing officer ruled in favor of Defendants. Having exhausted his administrative remedies, Plaintiff filed an action in this Court alleging violation of his Fifth Amendment rights.[1]

## STANDARD OF REVIEW

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiffs'] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

## DISCUSSION

Defendants assert three grounds for dismissal of this action: lack of jurisdiction, failure to

---

[1] The Court will liberally interpret *pro se* Plaintiff's Complaint to allege violation of the Fourteenth Amendment, which makes the Fifth Amendment applicable to the states.

2

state a claim upon which relief can be granted, and *res judicata*.

<u>1. Jurisdiction</u>

Defendants argue that this Court lacks jurisdiction over the Department because it has been improperly named as a Defendant in this action. The Department is not *sui juris* because it is not a legal entity. Under Federal Rule of Civil Procedure 17(b), "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." FED. R. CIV. P. 17(b). Prince George's County, Maryland (the "County") is organized under the laws of the State of Maryland and the Charter of Prince George's County, Maryland. The Department is not a legal entity and the County's Charter does not grant permission to sue the Department.

On November 6, 2006, this Court dismissed this action against the Department and granted Plaintiff leave to file an amended Complaint. Despite the Court's earlier ruling dismissing the Department, Plaintiff filed his amended Complaint renaming the Department as a party in this suit. For the reasons stated above and in its November 6, 2006 Memorandum Opinion, the Court will dismiss this action against the Department *with prejudice*.

<u>2. Failure to State a Claim</u>

Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted. In order to obtain relief under § 1983, Plaintiff must prove that Defendants caused a deprivation of Plaintiff's federal rights while acting under the color of state law. *See* 42 U.S.C. § 1983; *Jorgensen v. City of Clarksburg*, 1996 U.S. App. LEXIS 15960 (4th Cir. 1996) (unpublished) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Therefore, as an initial matter, Plaintiff must show a constitutional violation by an employee of the County. In his initial Complaint, Plaintiff named Officer Lisa McCoy as a defendant in this case. Although the Court granted Plaintiff leave to file

an amended Complaint and time to effectuate service on Lisa McCoy, Plaintiff has apparently decided to drop Lisa McCoy from the suit, in that Plaintiff has not named McCoy as a defendant in the amended Complaint.  As a result, Plaintiff cannot get beyond the initial burden of establishing a violation by a County employee.  Thus, Plaintiff's amended Complaint is deficient.

However, even if Plaintiff could show that there was a violation by a County employee, his amended Complaint would still be deficient.  The Fourth Circuit has held that "[m]unicipalities are not liable under respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship.  Instead, municipal liability results only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987) (quoting *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978)).  Here, Plaintiff merely asserts that his constitutional rights were violated when the County towed and impounded his vehicle.  However, Plaintiff has not plead any specific County policy or custom which violated his constitutional rights.  Plaintiff has failed to state a claim against the County upon which the Court may grant relief.  As such, the amended Complaint must be dismissed.

3.  Res Judicata

Defendants argue that Plaintiff has previously filed suit on this very same issue and claim, and, therefore, the present action is barred by *res judicata*.  Plaintiff filed an action against defendants in this Court on January 14, 2005 (AW-05-cv-0131), alleging a similar violation that allegedly occurred on October 11, 2001.  The present claim is for violations that allegedly occurred on July 31, 2003.  The Court notes, without deciding, that the present action appears to be distinct

from the violation alleged in the previous case. Having decided that Plaintiff's amended Complaint must be dismissed on other grounds, the Court need not address Defendants' *res judicata* arguments.

## **CONCLUSION**

For the aforementioned reasons, the Court GRANTS Defendants' Motion to Dismiss (Paper No. 20). An Order consistent with this Opinion will follow.


January 29, 2007                                                  /s/
Date                                                      Alexander Williams, Jr.
                                                          United States District Judge